UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>DAVID BRUNO JONER,<br>aka "Boss Bob,"<br>Defendant. | No. CR 19-275-ODW-13<br><u>FINDINGS OF FACT</u> |

Having heard from Plaintiff United States of America, by and through its counsel of record, the Attorney General for the United States of America, the First Assistant United States Attorney for the Central District of California, and Assistant United States Attorneys Samuel J. Diaz, Barr Benyamin, and Alex L. Young, and defendant, David Bruno Joner, both individually and by and through his counsel of record, Richard W.

Raynor, at a status conference held before this Court on October 5, 2026, and good cause appearing, the Court hereby FINDS AS FOLLOWS:

**Factual Background**

1. On or about October 5, 2026, the Court held a pretrial conference in the above-captioned matter. During that pretrial conference, the Court initially stated its intent to recuse itself due to a perceived conflict. Specifically, the Court believed that a co-defendant had participated in and graduated from the STAR program. The Court believed that this co-defendant, through her participation in the STAR program, had provided the Court with derogatory information about defendant. The Court believed that this raised an appearance that the Court, who runs the STAR program, could not be fair and impartial towards defendant.

2. Upon further reflection, however, the Court on its own clarified that the STAR graduate in question was not, in fact, a co-defendant in this case and that the derogatory information that the Court received from the STAR graduate did not concern defendant at all. As such, the Court explained that recusal was, therefore, no longer necessary under the circumstances. The Court, furthermore, made clear it would be able to fairly and impartially evaluate defendant's case. Defense counsel nevertheless requested that the Court adhere to its original intent to recuse, notwithstanding that the factual circumstances potentially warranting recusal were no longer present.

**Applicable Law**

3. Title 28, United States Code, Section 455 provides the rules concerning the disqualification of judges. Subsection (a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." In other words, the statute provides that judges should recuse themselves in circumstances that appear to create a conflict of interest, whether or not there is actual bias. See Davis v. Xerox, 811 F.2d 1293, 1295 (9th Cir. 1987) ("Section 455(a) covers acts that may appear to create a conflict even if in reality none exists.").

4. Subsection (b) provides that a judge shall recuse himself in five enumerated circumstances of actual conflicts of interest; it "is a per se rule and covers acts that actually create a conflict even if there is no appearance of one in which an actual conflict of interest exists, even if there is no appearance of one." Id. The five enumerated circumstances include: where the judge has a personal bias; where the judge or his partner served as a lawyer in the matter; where the judge served as an employee of the government and had some connection to the case; where the judge or a family member has a financial interest in the proceeding; and where the judge or someone of close relation is a party, attorney, witness, or has an interest in the case. See 28 U.S.C. § 455(b).

5. "The standard for judging the appearance of partiality requiring recusal under 28 U.S.C. § 455 is an objective one and involves ascertaining whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Preston v. United States, 923 F.2d 731, 734 (9th Cir. 1991) (citation and quotation marks omitted).

**Findings**

6. On this record, there is no (1) appearance of partiality requiring recusal, or (2) actual conflict of interest. See, e.g., United States v. Hunt, 153 F.4th 858, 864 (9th Cir. 2025) (affirming trial court's decision not to recuse where there was no appearance of partiality); United States v. Spangle, 626 F.3d 488, 496 (9th Cir. 2010) (affirming trial court's decision not to recuse under both §§ 455(a) and (b)).

7. First, a reasonable person with knowledge of all the facts would not conclude that the Court's impartiality might reasonably be questioned. While the Court initially confused information relating to a different matter, it then clarified the record and was emphatic it could fairly and impartially oversee the adjudication of defendant's case. As such, there are no facts from which a reasonable person would conclude that the Court's "impartiality might reasonably be questioned." 28 U.S.C. § 455(a).

8. Second, none of the enumerated categories in 28 U.S.C. § 455(b) apply to warrant recusal, either. The Court has no personal bias or prejudice against a party or personal knowledge of disputed evidentiary facts. 28 U.S.C. § 455(b)(1). The Court also has never served as a lawyer or government employment concerning this case. 28 U.S.C. §§ 455(b)(2), (3). There is also no conflict based on any "financial interest" or relationship. 28 U.S.C. § 455(b)(4). And neither the Court nor any "person within the third degree of relationship" is a party, lawyer, or witness to, or has any interest in, this case. 28 U.S.C. § 455(b)(5).

9. Based on the full record before the Court, recusal is not warranted.

IT IS SO ORDERED.

October 15, 2026
DATE

HONORABLE OTIS D. WRIGHT II
UNITED STATES DISTRICT JUDGE